WRIGHT, FINLAY & ZAK, LLP
T. Robert Finlay, Esq., SBN 167280
Ronald M. Arlas, Esq., SBN 59091
Kristina M. Pelletier, Esq., SBN 279533
4665 MacArthur Court, Suite 200
Newport Beach, CA  92660
Tel: (949) 477-5050; Fax: (949) 608-9142
rarlas@wrightlegal.net; kpelletier@wrightlegal.net

Attorneys for Defendant, RESIDENTIAL CREDIT SOLUTIONS, INC.

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTHUR LEAL, an individual; and MARIA LEAL, an individual<br><br>                    Plaintiffs,<br>    vs.<br><br>SAGE POINT LENDER SERVICES, LLC,  a business entity; RESIDENTIAL CREDIT SOLUTIONS, INC.; and DOES 1 through 10 inclusive,<br><br>                    Defendants. | Case No.:<br><br>**NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §1441(b)**<br><br>**[DIVERSITY OF CITIZENSHIP]**<br><br><br>Complaint filed:   July 15, 2014<br>FAC filed:            August 14, 2014 |

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA:**

**PLEASE TAKE NOTICE THAT,** Defendant, RESIDENTIAL CREDIT SOLUTIONS, INC. ("RCS"), hereby removes to this United States District Court, the state court action described as follows:

///

///

///

///

///

**THE ACTION BEING REMOVED**

**1.** On or about August 14, 2014, Plaintiffs, ARTHUR LEAL and MARIA LEAL (collectively "Plaintiffs"), filed a First Amended Complaint ("FAC") in the Superior Court of the State of California, County of Santa Clara ("State Court"), in the action entitled *Arthur Leal, et al. v. Sage Point Lender Services, LLC* – Case No. 1-14-CV-267955 (the "Action"). A true and correct copy of the FAC on file in the Action is attached hereto as Exhibit 1. Any remaining pleadings on file with the State Court for the Action will be filed with this Court as soon as they are received by RCS.

**REMOVAL BASED ON DIVERSITY OF CITIZENSHIP**

**2.** The Action may be removed to the United States District Court, in accordance with 28 U.S.C. section 1441(b), since this District Court has original jurisdiction over the Action on the basis of diversity of citizenship pursuant to 12 U.S.C. section 1332. Specifically, the Action is a civil action between citizens of different states and the amount in controversy exceeds the sum of $75,000.00.

**3.** **Diversity of Citizenship.** In order to qualify for diversity of citizenship jurisdiction, all of the named plaintiffs' citizenships <u>must</u> be completely diverse from all the named defendants' citizenships, excluding nominal, fraudulent and/or sham defendants. *Strawbridge v. Curtiss*, 7 U.S. 267 (1806); *Grupo Dataflux v. Atlas Global Group, LP*, 541 U.S. 567, 571 (2004). Here, complete diversity exists.

    ***a.*** ***Plaintiffs' Citizenship***. Plaintiffs are natural persons. A natural person's citizenship is determined by his or her naturalization to the United States and domicile state at the time of filing (which is the state he or she resides in with the intention to remain or to which he or she intends to return). *Kanter v. Warner–Lambert Co.,* 265 F.3d 853, 857 (9th Cir. 2001). Here, as of the time of filing the Action, Plaintiffs reside in the City of San Jose in the State of California. *See*, Exhibit 1, ¶ 4. Therefore, Plaintiffs are deemed citizens of the State of <u>California</u> for purposes of diversity citizenship jurisdiction.

    ***b.*** ***Defendant RCS' Citizenship.*** For purposes of diversity of citizenship analysis, a "…corporation shall be deemed a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. §1332(c)(1). RCS is, and was at the time of filing of the Action, a Delaware corporation with its principal place of business in Texas. *See*, FAC, ¶ 6. As a

1  result, RCS is a citizen of the States of Delaware and Texas for purposes of diversity citizenship
2  jurisdiction.

3           *c.*        ***Defendant Sage Point Lender Services, LLC's Citizenship.***

4  Defendant, SAGE POINT LENDER SERVICES, LLC ("Sage Point"), although a non-diverse
5  party, is merely the foreclosure trustee. Sage Point's citizenship is irrelevant to the diversity inquiry
6  because it filed a declaration of non-monetary status ("DNMS") pursuant to California Civil Code
7  section 2924*l* in the Action on August 6, 2014. A true and correct copy of the filed DNMS is attached
8  hereto as Exhibit 2. No objections to Sage Point's DNMS have been filed. As such, under section
9  2924*l*(d), Sage Point has transformed itself into a non-party to this Action. Cal. Civ. Code § 2924l(d).

10  Federal courts have acknowledged that a party that invokes non-monetary status under Civil
11  Code section 2924l need not consent to removal and is not to be treated as a defendant to the action.
12  Thus, Sage Point's "citizenship is disregarded for purposes of assessing diversity jurisdiction." *See*,
13  *Tabula v. Washington Mutual Bank*, 2011 WL 1302800, *1, n. 1 (N.D. Cal., 2011)*; Cabriales v. Aurora*
14  *Loan Servs.*, 2010 WL 761081, *1 (N.D. Cal., 2010); *see also Navarro Sav. Ass'n v. Lee*, 446 U.S. 458,
15  461 (1980) ("[a] federal court must disregard nominal or formal parties and rest jurisdiction only upon
16  the citizenship of real parties to the controversy"); *See* 6 C. Wright & A. Miller, Federal Practice and
17  Procedure § 1556, pp. 710-711 (1971). Therefore, Sage Point can no longer be held liable and need not
18  participate in this action in any way. *Id.*

19  Because no Defendant has the same citizenship as Plaintiffs, complete diversity of citizenship
20  exists.

21  **4.**    **Amount in Controversy.**  In addition to diversity of citizenship, "the matter in
22  controversy [must] exceed[s] the sum or value of $75,000, exclusive of interest and costs…" 28 U.S.C.
23  § 1332(a)(1). "In actions seeking declaratory or injunctive relief, it is well-established that the amount in
24  controversy is measured by the value of the object of the litigation." *Hunt v. Wash. State Apple Adver.*
25  *Comm'n,* 432 U.S. 333, 347 (1977); *Cohn v. Petsmart, Inc.,* 281 F.3d 837, 840 (9th Cir. 2002). Here,
26  Plaintiffs request general damages and injunctive relief. *See,* Exhibit 1, p. 27 (Prayer for Relief). In
27  particular, Plaintiffs seek a permanent injunction against RCS and Sage Point preventing them from
28  foreclosing on the subject property pursuant to the Deed of Trust. *See,* Exhibit 3 (Plaintiffs' Ex Parte

NOTICE OF REMOVAL OF ACTION

1  Application). The subject home loan, which is secured by the subject real property via the Deed of Trust,
2  is the object of this litigation and exceeds the statutory minimum of $75,000.00 (i.e., the Deed of Trust
3  is in an amount of $758,000.00). *See,* Exhibit 4 (Deed of Trust). Accordingly, this Action meets the
4  jurisdictional amount in controversy.

5      **5.**    **Timeliness**. RCS was served for the first time in this Action on or after August 15,
6  2014 with the FAC. Because this Notice of Removal is being filed within thirty days from August 15,
7  2014, this Notice of Removal is timely as required by 28 U.S.C. section 1446(b).

8      **6.**    **Consent of Other Parties.** As set forth above, since Sage Point filed a DNMS under
9  Civil Code section 2924l, to which there was no objection by Plaintiffs, Sage Point need not consent to
10 removal and is not to be treated as a defendant to the Action. *Cabriales*, 2010 WL 761081, *1; *Wise v.
11 Suntrust Mortg., Inc.* 2011 WL 1466153, *4 (N.D. Cal., 2011) (citing *Amaro v. Option One Mortgage
12 Corp.*, 2009 WL 103302, at *1 (C.D. Cal., 2009)) (party that declared non-monetary status did not need
13 to consent to removal of the case to federal court). Accordingly, Sage Point's consent to removal is not
14 necessary. Nonetheless, RCS did obtain Sage Point's consent to removal, which was confirmed via
15 email.

16     Moreover, Does 1 through 10, which are the only other "defendants" to the Action have not been
17 named or served with the FAC. Thus, their consent for this Removal is not required. *Emrich v. Touche
18 Ross & Co.*, 846 F.2d 1190, 1193 n.1 (9th Cir. 1988) (the requirement for consent applies "only to
19 defendants properly joined and served in the action."); *Salverson v. Western States Bankcard Ass'n*, 731
20 F.2d 1423, 1428 (9th Cir. 1984).

21     **7.**    Pursuant to 28 U.S.C. section 1446(a), RCS files this Notice in the District Court of the
22 United States for the district and division within which the Action is pending.
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

1  **WHEREFORE**, the Action is hereby removed from the State Court to this United States District
2  Court, for the Northern District of California, and removing Defendant, RCS, prays that this District
3  Court proceed, pursuant to 28 U.S.C. section 1441, as well as any other relevant and applicable law, as if
4  this Action had been originally filed in this District Court, and that the proceedings in the State Court be
5  stayed in all respects.

6

7            Respectfully submitted,

8            WRIGHT, FINLAY & ZAK, LLP

9

10 Dated:  August 21, 2014      By:   */s/ Kristina M. Pelletier, Esq.*
11           T. Robert Finlay, Esq.
          Ronald M. Arlas, Esq.
12           Kristina M. Pelletier, Esq.
          Attorneys for Defendant,
13           RESIDENTIAL CREDIT SOLUTIONS, INC.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF REMOVAL OF ACTION

# PROOF OF SERVICE

I, Shamika L. Polin, declare as follows:

I am employed in the County of Orange, State of California. I am over the age of eighteen (18) and not a party to the within action. My business address is 4665 MacArthur Court, Suite 200, Newport Beach, California 92660. I am readily familiar with the practices of Wright, Finlay & Zak, LLP, for collection and processing of correspondence for mailing with the United States Postal Service. Such correspondence is deposited with the United States Postal Service the same day in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

On August 21, 2014, I served the within **NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §1441(b)** on all interested parties in this action as follows:

[ ]    by placing [ ] the original [X] a true copy thereof enclosed in sealed envelope(s)    addressed as follows:

| | |
|---|---|
| Erikson M. Davis | AMSL LEGAL GROUP, LLP |
| Amy Bingham | Starlet J. Japp |
| Real Estate Law Center, PC | Chris C. Chapman |
| 695 South Vermont Avenue, Suite 1100 | 400 Exchange, Suite 100 |
| Los Angeles, CA 90005 | Irvine, CA 92602 |
| T: (213) 201-6353 | T: (949) 265-9940 |
| F: (866) 8400378 | F: (949) 236-5567 |
| amy@lenderlawlitigation.com | sjapp@amslca.com |
| **Attorneys for Plaintiffs,** | **Attorneys for Defendant,** |
| **Arthur and Maria Leal** | **Sage Point Lender Services, LLC** |

[ ]    (BY MAIL SERVICE) I placed such envelope(s) for collection to be mailed on this date following ordinary business practices.

[ ]    (BY CERTIFIED MAIL SERVICE) I placed such envelope(s) for collection to be mailed on this date following ordinary business practices, via Certified Mail, Return Receipt Requested.

[ ]    (BY PERSONAL SERVICE) I caused personal delivery by ATTORNEY SERVICE of said document(s) to the offices of the addressee(s) as set forth on the attached service list.

[ ]    (BY FACSIMILE) The facsimile machine I used, with telephone no. (949) 477-9200, complied with California Rules of Court, Rule 2003, and no error was reported by the machine. Pursuant to California Rules of Court, Rule 2006(d), I caused the machine to print a transmission record of the transmission, a copy of which is attached to the original Proof of Service.

[ ]    (BY NORCO OVERNITE - NEXT DAY DELIVERY) I placed true and correct copies thereof enclosed in a package designated by Norco Overnite with the delivery fees provided for.

[X]    (CM/ECF Electronic Filing) I caused the above document(s) to be transmitted to the office(s) of the addressee(s) listed by electronic mail at the e-mail address(es) set forth above pursuant to Fed.R.Civ.P.5(b)(2)(E). "A Notice of Electronic Filing (NEF) is generated automatically by the

1

**PROOF OF SERVICE**

ECF system upon completion of an electronic filing. The NEF, when e-mailed to the e-mail address of record in the case, shall constitute the proof of service as required by Fed.R.Civ.P.5(b)(2)(E).  A copy of the NEF shall be attached to any document served in the traditional manner upon any party appearing pro se."

[X]     (Federal) I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on August 21, 2014, at Newport Beach, California.

*[signature]*
Shamika L. Polin